UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT JOE CHILDS, JR.,

        Petitioner,

v.

KRISTIN RICHARDSON,

        Respondent.

CASE NO. 2:21-cv-01390-TSZ-DWC

REPORT AND RECOMMENDATION

NOTED FOR: November 19, 2021

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge David W. Christel. This Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254. Dkt. 1-1. As discussed below, the petition should be dismissed without prejudice for failure to exhaust state remedies and the motion to proceed *in forma pauperis* ("IFP") (Dkt. 1) should be denied as moot.

REPORT AND RECOMMENDATION - 1

## BACKGROUND AND DISCUSSION

Petitioner alleges that, on July 15, 2021, he was convicted of "Rape of a Child[] 2nd Degree" in King County Superior Court. Dkt. 1-1 at 1. He also alleges that he is scheduled for sentencing on October 22, 2021. *Id.* Additionally, Petitioner alleges that he has not appealed his judgment of conviction or sought postconviction relief because, in his assessment, "this case is not yet eligible for direct appeal as it is in the Collateral Attack phase." *See id.* at 2, 5–6, 12. Generally, Petitioner alleges that the judge in his prosecution was biased against him. *See id.* at 5, 19–20. For relief, he seeks vacatur of his conviction, an injunction halting his prosecution and/or a new trial, and recusal of the trial judge. *See id.* at 15.

A "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution." 28 U.S.C. § 2254(a). A petitioner may file a § 2254 petition attacking the constitutionality of a conviction for which he is in custody, even if the trial court has yet to sentence him for that conviction. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("We have interpreted [§ 2254(a)] as requiring that the habeas petitioner be 'in custody' under the conviction *or* sentence under attack at the time his petition is filed." (emphasis added)).

"The Washington State Constitution guarantees a criminal defendant the right to appeal." *State v. Chetty*, 167 Wash. App. 432, 438 (2012) (citation omitted). "Under RAP 5.2(a), a defendant must file a notice of appeal within 30 days of the entry of the judgment and sentence." *Id.*

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29

1  (2004) (citation and internal quotation marks omitted). "To provide the State with the necessary
2  opportunity, the prisoner must fairly present his claim in each appropriate state court (including a
3  state supreme court with powers of discretionary review), thereby alerting that court to the
4  federal nature of the claim." *Id.* (citation and internal quotation marks omitted); *accord*
5  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Because the exhaustion doctrine is designed
6  to give the state courts a full and fair opportunity to resolve federal constitutional claims before
7  those claims are presented to the federal courts, we conclude that state prisoners must give the
8  state courts one full opportunity to resolve any constitutional issues by invoking one complete
9  round of the State's established appellate review process."). Usually, a petitioner's federal
10  habeas petition should be dismissed if the petitioner "has not exhausted available state remedies
11  as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citations
12  omitted); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (courts may *sua sponte*
13  consider whether a habeas petitioner has exhausted state remedies).

14  Under Washington law, a petitioner may raise a claim of judicial bias on direct appeal or,
15  potentially, in a personal restraint petition ("PRP"). *See State v. Kazulin*, 13 Wash. App. 2d 1088,
16  at *4 (2020) (considering claim of judicial bias raised on direct appeal); *see also State v. Yallup*,
17  200 Wash. App. 1067, at *4 (2017) (considering claim of judicial bias raised in PRP); *cf. In re
18  Brown*, 143 Wash. 2d 431, 445 (2001) (en banc) ("[A petitioner may raise in a PRP] *new* issues
19  involving either errors of constitutional magnitude or nonconstitutional errors which constitute a
20  fundamental defect and inherently result in a complete miscarriage of justice." (internal
21  quotation marks omitted)).

22  Here, Petitioner concedes that he did not raise his federal claim in state court, whether on
23  direct appeal or in a PRP. Petitioner's contention that he cannot raise his claim in state court is
24

mistaken. Petitioner alleged that he was scheduled for sentencing on October 22, 2021. After sentencing, he could file a direct appeal in which he could raise a judicial bias claim. Accordingly, because Petitioner has not given Washington courts a full and fair opportunity to resolve his judicial bias claim, the petition should be dismissed without prejudice for failure to exhaust and Petitioner's IFP motion should be denied as moot.

When a court *sua sponte* considers whether a habeas petitioner has exhausted state remedies, the court must "accord the [petitioner] fair notice and an opportunity to present [his] position[.]" *See Day*, 547 U.S. at 210. This report and recommendation and the 14-day objection period give Petitioner "proper notice and an opportunity to respond." *Tizeno v. Madden*, 765 F. App'x 214, 215 (9th Cir. 2019); *accord Faragher v. Walter*, 26 F. App'x 610, 611 (9th Cir. 2001).

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to this Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[I]f the record . . . precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474.

Here, Petitioner has not exhausted his claims. So an evidentiary hearing is improper.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because reasonable jurists would not debate that the petition is unexhausted, a COA should be denied.

## IFP STATUS ON APPEAL

Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

## CONCLUSION

As discussed above, it is recommended that Petition be **dismissed without prejudice** for failure to exhaust. It is further recommended that this case be **closed** and that a certificate of appealability be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule

72(b), the Clerk is directed to set the matter for consideration on **November 19, 2021** as noted in the caption.

Dated this 1st day of November, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6